

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JAJ:AEG
F.#2009V01047

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

June 1, 2009

**By ECF & Hand**

The Honorable Edward R. Korman
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

       Re:  United States v. Mario Placencia
            Criminal Docket No. 99-1137 (ERK)

Dear Judge Korman:

      The government respectfully opposes defendant Mario Placencia's pro se motion for resentencing pursuant to 18 U.S.C. § 3582(c)(2) filed November 24, 2008 and supplemented by letter filed January 20, 2009.  The defendant was the second-in-command of a cocaine base organization that, between 1997 and 1999, operated 15 to 20 different 24-hour storefront sales locations, with several locations in operation at a time.  (Presentence Investigation Report ("PSR") (attached hereto as Exhibit 1) ¶ 5).[1]  The defendant is serving a 240-month sentence, the statutory maximum, for his conviction for one count of maintaining an enterprise through racketeering activity.

      The defendant has moved for a reduction of sentence, pursuant to 18 U.S.C. § 3582(c)(2), based on a recent amendment to the Sentencing Guidelines that lowered the base offense levels applicable to cocaine base offenses.  The defendant is not eligible for a reduction because the amendment does not change the guideline range applicable to him.  Moreover, even if it did, the Court observed at sentencing that, even if the guideline range were four points lower -- a greater reduction than the defendant seeks here, the Court would nonetheless impose the same 240-month sentence.

---

[1] The exhibits to this letter are attached, but are not filed electronically.

I.    <u>Defendant's Prior Sentence</u>

On October 26, 2000, the defendant pleaded guilty to two racketeering acts underlying Count One of a 26-count superseding indictment. (PSR ¶ 1). Count One charged the defendant and others with conducting an enterprise through racketeering from between 1996 and 1999. Specifically, the defendant pleaded guilty to possessing with intent to distribute five grams or more of a substance containing cocaine base on two occasions. (PSR ¶¶ 2-4).

The defendant's conviction grew out of his role in the above-mentioned enterprise. The defendant was the "right-hand man" of the leader of the organization. (PSR ¶ 5). The organization sold cocaine base from storefronts in East New York. (PSR ¶ 5). Most of the storefronts had a small plexiglass window and a door covered by a metal gate secured by a padlock. (PSR ¶ 6). The defendant's organization hired unknown individuals, often homeless drug addicts, to work 12-hour shifts in the storefronts. (PSR ¶ 6). During the shifts, the organization locked the salespeople into the storefronts, releasing them only at shift changes. (PSR ¶ 6). The organization sold approximately two to 12 kilograms of cocaine base <u>per week</u> from just seven such storefronts in Brooklyn from 1996 through 1999. (PSR ¶ 41).

At sentencing on May 10, 2002, the Court adopted the guideline analysis of the Probation Department. (Judgment in a Criminal Case, May 14, 2002, at 4 (attached hereto as Exhibit 2). That analysis included the highest possible base offense level, level 38, because the offense involved 1.5 kilograms or more of cocaine base; a two-point enhancement for possession of a firearm in connection with the offense; a four-point enhancement for leadership role; and a three-point reduction for acceptance of responsibility, resulting in a total offense level of 41. (PSR ¶¶ 81-93). At Criminal History Category I, the defendant faced a guideline range of 324 to 405 months. The Court sentenced the defendant to 240 months' incarceration, the statutory maximum.

The defendant objected to the leadership role enhancement. (Sentencing Transcript ("Tr.") (attached hereto as Exhibit 3), at 5-6). The Court not only imposed the enhancement, but noted, "It doesn't matter to me whether or not we adjust the guidelines down by four levels because I would give the same sentence. That is, if we reduced it by four levels, it would be 210 to 262 and I'd essentially pick the midpoint between the two. I don't know if it's exactly the midpoint but that's the substance of it." (Tr. 10).

3

The Second Circuit affirmed the judgment against the defendant without opinion on November 24, 2003. See United States v. Placencia, 84 Fed. Appx. 162 (2d Cir. 2003).

II. Discussion

    A.    Amendment 706 Reduced the Offense Levels for Certain Crack Offenses

Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In Section 1B1.10 of the Guidelines, the Sentencing Commission has identified the amendments that may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of Section 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). See U.S.S.G. App. C, Amend. 712. Revised Section 1B1.10(a), which became effective on March 3, 2008, provides, in relevant part:

> (1) In General.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. 3582(c)(2). As required by 18 U.S.C. 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

4

      (2)    Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. 3582(c)(2) if—

           (A)    none of the amendments listed in subsection (c) is applicable to the defendant; or

           (B)    an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.

      (3)    Limitation.—Consistent with subsection (b), proceedings under 18 U.S.C. 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

      Previously, the Commission had set the crack offense levels in Section 2D1.1 above the range that included the mandatory minimum sentence. Under the amendment, the Commission has set the offense levels so that the resulting guideline range includes the mandatory minimum penalty triggered by that amount, and then set corresponding offense levels for quantities that fall below, between, or above quantities that trigger statutory mandatory minimum penalties.

      The result of the amendment is a reduction of two levels for each of the ranges set in the guidelines for cocaine base offenses. At the high end, the guideline previously applied offense level 38 to any quantity of cocaine base of 1.5 kilograms or more. That offense level now applies to a quantity of 4.5 kilograms or more; a quantity of at least 1.5 kilograms but less than 4.5 kilograms falls in offense level 36. At the low end, the guideline previously assigned level 12 to a quantity of less than 250 milligrams. That offense level now applies to a quantity of less than 500 milligrams.

5

B.  The Defendant Is Not Eligible for a Reduction

The Court should deny the defendant's motion because the amendment does not have the effect of lowering the defendant's guidelines range.  This is so for two reasons: (1) the defendant is responsible for 4.5 kilograms of cocaine base or more, so the guideline range applicable to the defendant's narcotics offenses remains the same, and (2) the Court stated at the defendant's sentencing that even if the applicable guideline range were four levels lower -- even lower than the defendant seeks here -- it would still impose the same 240-month sentence.

i.  The Defendant's Cocaine Base Offense Level Remains the Same

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant's sentence may only be reduced when he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  Further, under the statute, a reduction is allowed only when  "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."  In its revisions to Section 1B1.10, the Commission, consistent with the statutory directive that a reduction should occur only where the defendant's sentencing range was lowered, made clear that a sentencing court is not authorized to reduce a defendant's sentence when a retroactive amendment does not result in lowering the applicable sentencing range for the defendant.  Specifically, subsection (a)(2)(B) states: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range."  U.S.S.G. § 1B1.10 (a)(2)(B) (emphasis added).[2]

Courts also agree that where, as is the case here, application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur. See United States v. McFadden, 523 F.3d 839 (8th Cir. 2008) (per curiam) (rejecting motion under crack amendment); United States

---

[2]  But see United States v. Horn, 2008 WL 5348817 (M.D. Tenn. Dec. 16, 2008).  In Horn, a decision at odds with that of every other appellate and district court to consider the matter, the court held that the Sentencing Commission's authority to determine whether a guideline amendment may be applied retroactively is merely advisory.  The government strongly disputes this decision, which ignores clear statutory language.

v. Sharkey, 2008 WL 4482893, *2 (10th Cir. Oct. 7, 2008) (same); United States v. Samuel, 2008 WL 4681639 (N.D. Cal. Oct. 22, 2008); United States v. Gordon, 2008 WL 4571561 (W.D. Va. Oct. 10, 2008); United States v. Lambert, 2008 WL 4328225 (S.D. Ill. Sept. 18, 2008); United States v. Kelley, 2008 WL 4279630 (W.D. La. Sept. 18, 2008). See also United States v. Gonzalez-Balderas, 105 F.3d 981, 984 (5th Cir. 1997) (although a retroactive amendment reduced the defendant's offense level, the new level (44) still required the sentence of life imprisonment which was imposed, and the district court properly denied the motion summarily); United States v. Allison, 63 F.3d 350, 352-54 (5th Cir. 1995) (motion properly denied where the sentence would not be different under new guideline); United States v. Townsend, 98 F.3d 510, 513 (9th Cir. 1996) (although a retroactive amendment to the career offender guideline changed the definition of a statutory maximum, the amendment did not benefit the defendant given that the maximum penalty for his offense, bank robbery, was the same under either definition, and thus the guideline range was the same); United States v. Dorrough, 84 F.3d 1309, 1311-12 (10th Cir. 1996) (the district court did not abuse its discretion in denying the § 3582(c)(2) motion, where an alternative means of sentencing permitted by the applicable guideline produced the same offense level which applied earlier); United States v. Armstrong, 347 F.3d 905, 908 (11th Cir. 2003) (the district court correctly denied the motion, where the defendant's offense level was not altered by the subject of the retroactive amendment); United States v. Young, 247 F.3d 1247, 1251-53 (D.C. Cir. 2001) (district court properly denied motion where the sentence was actually based on considerations not affected by the retroactive guideline amendment); United States v. Jacob, 2008 WL 1776428 (M.D. Fla. Apr. 18, 2008) (no reduction under crack amendment where range was the same based on different drug (heroin) alone); United States v. Monroe, 2008 WL 824304 (W.D. Pa. Mar. 26, 2008) (no reduction warranted under crack amendment where the offense level was based on a more serious murder charge, and remains unchanged).

Here, Amendment 706 does not result in a new base offense level, much less a new guideline sentencing range. Pursuant to the amendment, the highest base offense level for distributing cocaine base (in the absence of death or serious bodily injury) is 38, which applies to quantities of 4.5 kilograms or more. U.S.S.G. § 2D1.1(c)(1). Thus, because the defendant is responsible for far more than 4.5 kilograms of cocaine base, his offense level remains 38 under the revised guidelines. As noted above, the organization of which the defendant was second-in-command sold approximately two to 12 kilograms of cocaine base per week from just seven of its storefronts from 1996 through 1999. (PSR ¶ 41). He therefore

does not qualify for a reduction in sentence.

> ii. <u>Even If The Defendant's Offense Level Changed, The Court Has Already Stated That It Would Impose The Same Sentence</u>

In this case, even if the guideline range applicable to the defendant's cocaine base offenses had changed -- which it has not -- the Court has already determined that it would impose the same sentence. As noted above, the Court observed at sentencing that it would sentence the defendant to 240 months' incarceration even if his total offense level were four points lower. (Tr. 10). The largest offense level reduction the defendant could possibly receive under the amended cocaine base guidelines is only two points. The Court has already determined that it would impose the same sentence despite such a reduction. Therefore, the defendant is not entitled to resentencing. <u>See</u> <u>United States v. Cox</u>, 00 CR 00069 (AHN), 2008 WL 3824763, at *3 (D. Conn. Aug. 14, 2008) (denying motion for resentencing because applicable guideline range did not change and, even if it had, "the court would impose exactly the same sentence as it did at Cox's original sentencing").

\* \* \*

For the foregoing reasons, the defendant is not entitled to resentencing, and his motion should be denied.

    Respectfully submitted,

    BENTON J. CAMPBELL
    United States Attorney

By: _____/s/_____
    Andrew E. Goldsmith
    Assistant U.S. Attorney
    (718) 254-6498


cc: Mario Placencia (by mail)