

COLSON & HARRIS LLP

10 East 40th Street
Suite 3307
New York, NY 10016

T  212-257-6455
F  212-257-6453

August 5, 2011


<u>Via ECF</u>

The Honorable Edward R. Korman
United States District Judge
United States District Court
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *United States v. Mario Placencia*, 99 CR 1137

Your Honor:

   I write to respectfully object to the July 21, 2011 Report and Recommendation of the Honorable Roanne L. Mann (hereinafter the "Report") and to request that Your Honor schedule oral argument on this motion.

   Preliminarily, we object to the delegation of a felony sentencing matter to a magistrate judge, and therefore request *de novo* review of our original motion.  *See United States v. Kahn*, 7754 F. Supp. 748, 752 (E.D.N.Y. 1991) (determination of whether to accept the Rule 11 allocution is subject to *de novo* review).

   We also object to the finding of the Magistrate Judge that Mr. Placencia is not eligible for a sentencing reduction under U.S.S.G. § 1B1.10, and object to each and every factual finding and conclusion of law.

   First, we maintain our position that at the time of the original sentencing, the Court made no "finding" that Mr. Placencia was responsible for more than 4.5 kilograms of crack cocaine.  In this case, the adoption of the pre-sentence report (PSR) in the judgment (by virtue of a checkmark), is not sufficient to constitute a finding.  While the PSR generally describes average drug sales for the Lopez organization, it contained no specific finding that Mr. Placencia was responsible for more than 4.5 kilograms.  The only specific finding is in ¶ 81, which states the weight of the drugs attributable to Mr. Placencia "surpassed 1.5 kilograms of cocaine base."  Under the amended guidelines, weight in excess of 1.5 kilograms corresponds only to an offense level of 35, and under the amendments effective November 1, 2011, in excess of 1.5 kilograms of crack cocaine corresponds to a level 34.

   Nor was there any finding made in open court.  As explained in the June 18, 2011 letter to the Court, unlike the defendant in *United States v. Mock*, 612 F.3d 133, 138 (2d Cir. 2010), we are not

The Honorable Edward R. Korman
Page 2

asking the Court to rectify or review any procedural errors made at the original sentencing.  Rather, the fact that the Court failed in open court to make a finding as to drug weight is further proof that the Court made no explicit finding as to drug weight at all, and thus should not make any new findings as to drug weight now.  *See also Dillon v. United States*, – U.S. – 130 S. Ct. 2683, 2691 (2010) (in determining eligibility for a reduction, the court shall, but for the substitution of the amended guideline provision, "leave all other guideline application decisions unaffected").

Nor did the Court make any finding with respect to the contested leadership role enhancement. *See* Report at 10-11.  Indeed, the record is clear that the Court took advantage of Rule 32(i)(3)(B), which provides that with respect to any disputed portion of the pre-sentence report a court must rule on the dispute or "determine that ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing."  Here, a definitive ruling on the contested factual issue would have required a hearing, at which the government would have borne the burden of proving the facts supporting the enhancement by a preponderance of the evidence.  Such a hearing did not take place, and the Court clearly stated that it need not reach that issue:  "It doesn't matter to me whether or not we adjust the guidelines down by four levels, it would be 210 to 262 and I'd essentially pick the midpoint between the two."  (*See* May 10, 2011 letter of Justine A. Harris, Exh. A at 10).  To make such a finding now would require that the Court schedule the *Fatico* hearing deferred over 10 years ago – an option that is neither practical or appropriate.

Second, while the Report makes much of Mr. Placencia's silence on the issue of drug weight at the time of the original sentencing, *see e.g.* Report at 7, n.4, finding waiver on the basis of that silence raises serious due process concerns.  Rule 32(f) requires only that the parties object to "material information" in the pre-sentence report.  At the time of the original sentencing, the PSR's language concerning drug weight was not material to the guidelines calculation.  There was plainly sufficient evidence that Mr. Placencia was responsible for more than 1.5 kilograms and at that time, more than 1.5 kilograms was all that was required to trigger the highest offense level under the guidelines.  There would have been no reason for counsel to object to the PSR's vague and descriptive language that the conspiracy involved a drug amount that "greatly exceeds" the minimum required for base offense level 38, and, had he done so, the Court would undoubtedly have found resolution of that issue unnecessary.  Indeed, it is not uncommon for attorneys to leave uncontested questionable factual statements in a presentence report where the facts are unlikely to affect the sentencing range.  Accordingly, to transform unobjected to narrative portions of the PSR that were not material at the time of the original sentencing into binding factual findings ten years after the fact is simply not fair.

Nor can much be read into the fact that current counsel has not fully developed substantive (as opposed to procedural) objections to what we consider to be a new factual finding that Mr. Placencia is responsible for more than 4.5 kilograms of crack cocaine.  *See* Report at 8, n.5.  While I noted, and re-assert here, the conflicting information about Mr. Placencia's alleged leadership role that was apparent from the face of the pre-sentence report (*see* May 10, 2011 letter of Justine A. Harris at 5-6), asserting other objections more fully would require an opportunity to meet with Mr. Placencia in person and better understand the facts of the case.  Mr. Placencia is incarcerated in a facility in Georgia and speaks Spanish.  We have never met and have not had an opportunity to discuss the case in any detail.  Moreover, as with the leadership enhancement, in order for the Court to make a new finding as to drug

The Honorable Edward R. Korman
Page 3

weight now, a *Fatico* hearing would be required.  However, such a proceeding is not what was contemplated by § 1B1.10, and in fact appears precluded by the holding in *Dillon*, 130 S. Ct. at 2692.

Third, contrary to the finding of the Magistrate Judge, *see* Report at 11, there is no evidence that had the guidelines been *lower* than the statutory maximum, this Court would nevertheless have upwardly departed and still imposed the 20-year maximum.   As to Mr. Placencia, the original pre-sentence report detailed no particular factors justifying an upward departure.  Nor, of course, would it be appropriate for this Court to decide to impose one after the fact.  The record is clear that this Court determined that a "middle of the guidelines" sentence was appropriate.  Now that the guidelines have been lowered, a lower sentence should be imposed.[1]

Finally, we respectfully submit that the Court should consider and apply the further amendments to the crack guidelines.  As noted in the Report, since the date of the original submission, the Sentencing Commission has made further reductions to the offense levels for crack cocaine retroactive.  While these amendments take effect only on November 1, 2011, considering their application to this case now would be both appropriate and expedient.  Under the most recent amendments, in order to qualify for a base offense level of 38, Mr. Placencia would have to be found responsible for 8.4 kilograms of crack cocaine.  On the other hand, more than 1.5 kilograms of crack cocaine, but less than 4.5 kilograms of crack cocaine corresponds to a base offense level of 34.  Assuming the two point enhancement for use of a gun, and a three point reduction for acceptance of responsibility, Mr. Placencia's adjusted offense level would be 33, corresponding to a guidelines range of 135-168 months.

Arguments previously raised in my May 10, 2011 and June 18, 2011 submissions are incorporated herein.

I appreciate the Court's consideration.

Respectfully submitted,

/s/

Justine A. Harris

cc:   AUSA Andrew E. Goldsmith

---

[1] In this regard, it is important to emphasize that many of the other defendants in the case, almost all of whom were considered "managers" of various drug spots and undoubtedly responsible for the same drug weight as Mr. Placencia, were sentenced to substantially less time.  According to the information available on the docket sheets, while Lucindo Lopez, the admitted head of the organization and Mr. Placencia's brother-in-law, also received a 20 year sentence, the next highest sentence imposed was 121 months for Noel Reyes, who, according to the PSR had management responsibilities and used threats of violence to maintain discipline within the organization.  *See* PSR at ¶ 64, 65.